IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
AIKEN DIVISION

| | | |
|---|---|---|
| Robert Gene Rega, | ) | C/A No. 1:19-259-JMC-PJG |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| Lorraine Rega, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**PLAINTIFF'S MOTIONS TO STRIKE AND MORE DEFINITE STATEMENT**:

Plaintiff moves to strike a letter (ECF No. 19) and response to summary judgment (ECF No. 90) filed by Defendant. (ECF Nos. 20, 98, 99.) Generally, Plaintiff's motions are based on Plaintiff's beliefs that Defendant's filings contain lies. However, Plaintiff's disagreements with Defendant's assertions do not justify striking the documents. Therefore, Plaintiff's motions to strike are denied.

**MOTIONS FOR ISSUANCE OF SUBPOENA**:

Plaintiff's motion for the issuance of subpoena is denied because Plaintiff has failed to specify in his request who he is seeking to subpoena, the purpose of the subpoenas, the information he seeks pursuant to Federal Rule of Civil Procedure 45, and how the subpoenas relate to his case in accordance with the practice of this district. (ECF No. 30.)

Defendant seeks to subpoena Plaintiff's prison disciplinary record. (ECF No. 35.) The motion is denied because Defendant fails to explain how the evidence is relevant or likely to lead to discoverable evidence in this case. Accordingly, Plaintiff's motions for a protective order regarding Defendant's motion are terminated as moot. (ECF Nos. 37 & 47.)

**MOTION FOR DEFAULT JUDGMENT:**

Plaintiff's motion for default judgment is denied. (ECF No. 36.) A default has not be entered in this case under FRCP 55, and contrary to Plaintiff's assertion, Defendant has appeared, answered, and otherwise defended this case. Consequently, a default judgment is not proper under FRCP 55. Accordingly, Defendant's motion to strike or set aside the default judgment is denied. (ECF No. 41.)

**MOTIONS TO COMPEL DISCOVERY:**

Plaintiff moves to compel Defendant to produce documents—specifically, debit and credit card receipts or bank statements for certain expenditures, shipping receipts, and retail receipts. (ECF No. 38.)  Plaintiff also moves to compel discovery of text messages.  (ECF No. 79.)  As Defendant appears to have provided the requested documents with her motion for summary judgment, (ECF No. 90-2 at 5, 28, 99, 221), the motions are denied as moot, as well as Plaintiff's motions to extend time for discovery.  (ECF Nos. 49 & 74.)

**DEFENDANT'S MOTIONS TO STRIKE:**

Defendant moves to "strike future lawsuits" by Plaintiff.  (ECF No. 71.)  This motion is denied as the court does not possess that authority.

Defendant moves to strike Plaintiff's power of attorney over his mother.  (ECF Nos. 73, 107.)  The motions are denied as such matter are outside of the court's jurisdiction.

**TO THE CLERK OF COURT**:

The Clerk of Court is directed to terminate Plaintiff's motion to exceed the page limits because it is moot.  (ECF No. 82.)

**IT IS SO ORDERED**.

September 25, 2020                              Paige J. Gossett
Columbia, South Carolina                   UNITED STATES MAGISTRATE JUDGE

*Plaintiff's attention is directed to the important warning on the next page.*

# IMPORTANT INFORMATION . . . PLEASE READ CAREFULLY

# WARNING TO *PRO SE* PARTY OR NONPARTY FILERS

All documents that you file with the court will be available to the public on the internet through PACER (Public Access to Court Electronic Records) and the court's Electronic Case Filing System. **CERTAIN <u>PERSONAL IDENTIFYING INFORMATION</u> SHOULD NOT BE INCLUDED IN OR SHOULD BE REMOVED FROM ALL DOCUMENTS <u>BEFORE</u> YOU SUBMIT THE DOCUMENTS TO THE COURT FOR FILING.**

Federal Rule of Civil Procedure 5.2, provides for privacy protection of electronic or paper filings made with the court. Rule 5.2 applies to **all** documents submitted for filing, including pleadings, exhibits to pleadings, discovery responses, and any other document submitted by any party or nonparty for filing. Unless otherwise ordered by the court, a party or nonparty filer should not put certain types of an individual's personal identifying information in documents submitted for filing to any United States District Court. If it is necessary to file a document that already contains personal identifying information, the personal identifying information should be "**blacked out**" or **redacted** prior to submitting the document to the Clerk of Court for filing. A person filing any document containing their own personal identifying information **waives** the protection of Rule 5.2(a) by filing the information without redaction and not under seal.

1. Personal information protected by Rule 5.2(a):

   **(a) Social Security and Taxpayer Identification Numbers.** If an individual's Social Security number or a taxpayer identification number must be included in a document, the filer may include only the last four digits of that number.
   **(b) Names of Minor Children.** If the involvement of a minor child must be mentioned, the filer may include only the initials of that child.
   **(c) Dates of Birth.** If an individual's date of birth must be included in a document, the filer may include only the year of birth.
   **(d) Financial Account Numbers.** If financial account numbers are relevant, the filer may include only the last four digits of these numbers.

2. Protection of other sensitive personal information—such as driver's license numbers and alien registration numbers—may be sought under Rule 5.2(d) (Filings Made Under Seal) and (e) (Protective Orders).