IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
AIKEN DIVISION

| | | |
|---|---|---|
| Robert Gene Rega, | ) | |
| | ) | Civil Action No.: 1:19-cv-00259-JMC |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER AND OPINION** |
| | ) | |
| Lorraine Rega, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

    Plaintiff Robert Gene Rega ("Plaintiff"), who is proceeding *pro se*,[1] brought this action against Defendant Lorraine Rega ("Defendant"), his former sister-in-law, seeking damages for money, a laptop, and a home surveillance system he alleges she stole. (ECF No. 1.) This matter is before the court upon review of Plaintiff's Objections (ECF No. 159) to the Report and Recommendation issued by the Magistrate Judge on September 25, 2020 ("Report") (ECF No. 149). The Report recommended granting in part and denying in part Defendant's Motion for Summary Judgment, and denying Plaintiff's Motion for Summary Judgment in its entirety. (ECF Nos. 83, 90, 145.)

    For the reasons set forth below, the court **ACCEPTS** the Report and adopts its findings herein (ECF No. 149); **GRANTS** Defendant's Motion for Summary Judgment (ECF Nos. 90, 145) as to Plaintiff's claims of fraud, trespass, replevin, intentional infliction of emotional distress,

---

[1] "Because he is a *pro se* litigant, Plaintiff's pleadings are construed liberally by the court and held to a less stringent standard than attorneys' formal pleadings." *Simpson v. Florence Cty. Complex Solicitor's Office*, Civil Action No.: 4:19-cv-03095-JMC, 2019 WL 7288801, at *2 (D.S.C. Dec. 30, 2019) (citing *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam)). "This, however, 'does not transform the court into an advocate' for Plaintiff; the court is not required to recognize Plaintiff's claims if there is clearly no factual basis supporting them." *Id.* (quoting *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990)).

1

negligent infliction of emotional distress, and promissory estoppel for the laptop and surveillance system; and **DENIES** the parties' Motions for Summary Judgment as to Plaintiff's claims for conversion, negligence, breach of contract, promissory estoppel regarding the currency at issue, and unjust enrichment. (ECF Nos. 83, 90, 145.)

## I. FACTUAL AND PROCEDURAL BACKGROUND[2]

This case arises from Defendant's allegedly unlawful retention of Plaintiff's property. During his incarceration, Plaintiff claims he sent Defendant nearly $4,000 in total—$1,480 to care for his mother, and $2,500 for "safe keeping." (ECF No. 149 at 2-3.) At some point Plaintiff asked Defendant to use a portion of these funds to buy a surveillance system for his mother's home. (*Id.*) He also claims he discussed the "possibility" of sending his laptop to Defendant for safekeeping. (*Id.* at 3.) Sometime later, Plaintiff's mother's caretaker allegedly sent the laptop and surveillance system to Defendant, believing that Plaintiff had authorized the shipment. (*Id.*) Plaintiff thereafter supposedly asked Defendant to send him weekly payments using the above funds, which Defendant declined to send. (*Id.* at 3-4.)

Plaintiff then filed this lawsuit bringing a host of state law claims based on Defendant's purportedly unlawful retention of Plaintiff's property, including conversion, fraud, negligence, trespass, replevin, intentional infliction of emotional distress, negligent infliction of emotional distress, breach of contract, assumpsit, promissory estoppel, and unjust enrichment. (ECF No. 1.) Both parties filed Motions for Summary Judgment that are currently before the court.[3] (ECF Nos. 83, 90, 145.)

---

[2] The Report sets forth the relevant facts and legal standards, which this court incorporates herein without a full recitation.

[3] The Magistrate Judge observed that Defendant's Motion for Summary Judgment and subsequently filed Motion to Dismiss (ECF Nos. 90, 145) in essence contained the same arguments, and thus were considered "in tandem" in the Report (ECF No. 149 at 1 n.1).

2

The Magistrate Judge issued the Report on September 25, 2020, suggesting Defendant's Motion for Summary Judgment be granted in part and denied in part, and Plaintiff's Motion for Summary Judgment be denied. (ECF No. 149.) Specifically, the Magistrate Judge explained that summary judgment on Plaintiff's claims of conversion, negligence, breach of contract, promissory estoppel regarding Plaintiff's money, and unjust enrichment should be denied for either party due to underlying disputes of material fact. (*Id.* at 7-8, 9-10, 13-16.)

By contrast, the Magistrate Judge recommended dismissing the claims of fraud, trespass, replevin, intentional infliction of emotional distress, negligent infliction of emotional distress, and promissory estoppel regarding the laptop and surveillance system for failing to adequately state a claim. (*Id.* at 8-15.) In particular, the Magistrate Judge explained the fraud claim was insufficient because it lacked admissible evidence demonstrating "that Defendant called the caretaker and lied to induce the caretaker to mail the property to Defendant." (*Id.* at 9.) The trespass claim was unsuccessful because it was "not based on any ownership interest of real property[.] (*Id.* at 10.) The replevin claim failed because Plaintiff did not "follow any of the procedures required by" statute. (*Id.* at 11.) Claims of intentional and negligent infliction of emotional distress were likewise plainly deficient. (*Id.* at 11-13.) Lastly, the Magistrate Judge stated that the promissory estoppel claim regarding the laptop and surveillance system required dismissal because Plaintiff "fail[ed] to explain what action he took in reliance on . . . [the promise to return such property to him] that caused him damage." (*Id.* at 14.)

Plaintiff filed timely Objections to the Report, contending the Magistrate Judge should have granted his Motion for Summary Judgment regarding the claims for conversion, negligence,

3

breach of contract, promissory estoppel, and unjust enrichment.[4] (ECF No. 159 at 9-13.) He further posits the Magistrate Judge failed to make the necessary "inference[s]" to sustain his fraud and promissory estoppel claims. (*Id.* at 11, 14.) Plaintiff generally asserts that "[t]he Magistrate Judge . . . deliberately injected so much false information into this case that it will take Plaintiff forever to straighten it all out[.]" (*Id.* at 11.) He also repeatedly claims the Magistrate Judge essentially acted as Defendant's lawyer. (*Id.* at 10-15.) Lastly, Plaintiff complains the Magistrate Judge improperly denied certain of his past motions that are irrelevant to the instant Report. (*Id.* at 15-16.)

## II. STANDARD OF REVIEW

A. <u>Report and Recommendation</u>

The Magistrate Judge's Report and Recommendation is made in accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02 for the District of South Carolina. The Magistrate Judge only makes a recommendation to this court. *See Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *Id.* The court reviews *de novo* only those portions of the Report and Recommendation to which specific objections are filed. *See Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005). The court reviews those portions which are not specifically objected to only for clear error. *Id.* at 316. The court may accept, reject, or modify, in whole or in part, the Magistrate Judge's recommendation or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

---

[4] In his objections, Plaintiff concedes his claims for trespass, replevin, intentional infliction of emotional distress, and negligent infliction of emotional distress. (ECF No. 159 at 15.)

4

The court is charged with making the final determination of the pending matter as the Magistrate Judge's recommendation carries no presumptive weight. *See Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). As such, the court reviews *de novo* those portions of the Report to which specific objections are made. *See* 28 U.S.C. § 636(b)(1); *see also* FED. R. CIV. P. 72(b)(3).Yet when no party offers timely, specific objections, the court "need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record . . . to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting FED. R. CIV. P. 72 advisory committee's note); *see Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983) (stating the court is not required to explain the Report's adoption if no party offers specific objections).

B.  Motion for Summary Judgment

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(a). The moving party bears the initial burden of demonstrating that summary judgment is appropriate; if the movant carries its burden, then the burden shifts to the non-moving party to set forth specific facts showing that there is a genuine issue of material fact for trial. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986).

When considering a motion for summary judgment, the evidence of the non-moving party is to be believed and all justifiable inferences must be drawn in favor of the non-moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). However, "[o]nly disputes over facts that might affect the outcome of the suit under governable law will properly preclude the entry of summary judgment." *Id.* at 248. Further, to show that a genuine issue of material fact exists, the non-moving party must set forth facts beyond "[t]he mere existence of a scintilla of evidence." *Id.*

at 252. The non-moving party must present evidence sufficient to demonstrate that a reasonable jury could return a verdict for the non-moving party in order to avoid summary judgment. *See id.* at 248.

### III. DISCUSSION

In his objections, Plaintiff emphasizes that summary judgment should have been granted for his claims of conversion, negligence, breach of contract, promissory estoppel, and unjust enrichment for a variety of reasons. (ECF No. 159 at 9-13.) However, the court finds nearly all of these objections are either non-specific or rehash previous arguments that the Magistrate Judge properly considered and addressed. (*See* ECF Nos. 83-2 at 12-33; 159 at 9-14.) Other objections related to these claims are based on "findings" the Report simply does not contain,[5] or are irrelevant to the instant claims.[6] Additionally, the court observes the Magistrate Judge did not act improperly as Defendant's "lawyer," but instead offered a thorough, impartial, and well-reasoned analysis of the instant motions, both of which were brought by *pro se* parties.

Plaintiff further objects to the recommended dismissal of his fraud and promissory estoppel claims. Plaintiff posits the fraud claim should survive because the evidence showed Defendant lied by telling the caretaker of Plaintiff's mother that Plaintiff had authorized mailing the laptop and surveillance system to her. (ECF No. 159 at 13-14.) For support, Plaintiff claims the Magistrate Judge should have "infer[red]" that the caretaker told Plaintiff of Defendant's misrepresentation.

---

[5] For instance, rather than *finding* that Defendant paid nursing home and hospital bills for Plaintiff's mother, the Report merely observed that Defendant *claimed* to have done so. (ECF No. 149 at 4.) Similarly, despite Plaintiff's insistence to the contrary, the Report did not find that Plaintiff was unable to prove ownership of the laptop or that he gifted the surveillance system to Defendant. (ECF No. 159 at 12.)

[6] For example, Plaintiff stresses the Magistrate Judge should not have previously denied his Motion to Compel, Motion to Extend Discovery, and Motion for Default Judgment, none of which are addressed in the Report. (*Id.* at 15-16.)

6

(*Id.*) But Plaintiff's objection misses the mark. "While these allegations may plausibly state a claim of fraud, Plaintiff fails to point to any admissible evidence that would show that Defendant called the caretaker and lied to induce the caretaker to mail the property to Defendant." (ECF No. 149 at 8-9.) In other words, the court simply cannot take Plaintiff at his word that Defendant committed fraud. This objection is therefore overruled.

Plaintiff likewise contends the promissory estoppel claim should survive as to the laptop and surveillance system because the Magistrate Judge should have inferred Plaintiff's reliance upon the statements of Defendant. (ECF No. 159 at 14.) Yet as the Magistrate Judge explained, although "Plaintiff claims Defendant promised to return the property to him . . . [he] fails to explain what action he took in reliance on that promise that caused him damage." (ECF No. 149 at 14.) This objection is thus overruled. Accordingly, as there is no clear error on the face of the record, the court accepts the Report and adopts the findings herein.

## IV. CONCLUSION

For the reasons discussed above, the court **ACCEPTS** the Report and Recommendation of the Magistrate Judge and adopts the findings herein. (ECF No. 149.) The court **GRANTS** Defendant's Motion for Summary Judgment (ECF Nos. 90, 145) as to Plaintiff's claims of fraud, trespass, replevin, intentional infliction of emotional distress, negligent infliction of emotional distress, and promissory estoppel for the laptop and surveillance system. The court **DENIES** the parties' Motions for Summary Judgment as to Plaintiff's claims for conversion, negligence, breach of contract, promissory estoppel regarding the currency at issue, and unjust enrichment. (ECF Nos. 83, 90, 145.)

**IT IS SO ORDERED.**

*/s/ J. Michelle Childs*

United States District Judge

December 28, 2020
Columbia, South Carolina