IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
AIKEN DIVISION

| | |
|---|---|
| Robert Gene Rega, | Civil Action No.: 1:19-cv-00259-JMC |
| Plaintiff, | |
| v. | **ORDER AND OPINION** |
| Lorraine Rega, | |
| Defendant. | |

Plaintiff Robert Gene Rega ("Plaintiff"), who is proceeding *pro se*,[1] brought this action against Defendant Lorraine Rega ("Defendant"), his former sister-in-law who is also proceeding *pro se*, seeking damages for money, a laptop, and a home surveillance system he alleges she stole. (ECF No. 1.) Both parties have filed Motions to Appoint Counsel. (ECF Nos. 167, 169.) Plaintiff also filed a Motion to Strike Defendant's Motion to Appoint Counsel (ECF No. 170), to which Defendant responded in opposition (ECF No. 171).

For the following reasons, the court **DENIES** the parties' Motions to Appoint Counsel. (ECF Nos. 167, 169.) Given the court's ruling, Plaintiff's Motion to Strike is **DENIED AS MOOT**. (ECF No. 170.)

This case arises from Defendant's allegedly unlawful retention of Plaintiff's property while he remains incarcerated.[2] Plaintiff initially brought a host of state law claims against Defendant,

---

[1] "Because he is a *pro se* litigant, Plaintiff's pleadings are construed liberally by the court and held to a less stringent standard than attorneys' formal pleadings." *Simpson v. Florence Cty. Complex Solicitor's Office*, Civil Action No.: 4:19-cv-03095-JMC, 2019 WL 7288801, at *2 (D.S.C. Dec. 30, 2019) (citing *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam)). "This, however, 'does not transform the court into an advocate' for Plaintiff; the court is not required to recognize Plaintiff's claims if there is clearly no factual basis supporting them." *Id.* (quoting *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990)).

[2] Additional background on this matter is available in the court's prior Order. (*See* ECF No. 165.)

1

including conversion, fraud, negligence, trespass, replevin, intentional infliction of emotional distress, negligent infliction of emotional distress, breach of contract, assumpsit, promissory estoppel, and unjust enrichment. (ECF Nos. 1, 15.) Thereafter, the parties filed cross Motions for Summary Judgment. (*See* ECF Nos. 83, 90, 145.) The court ultimately dismissed numerous claims, yet denied the Motions concerning the claims for conversion, negligence, breach of contract, promissory estoppel regarding certain currency, and unjust enrichment. (*See* ECF No. 165.) Both parties subsequently filed the instant Motions to Appoint Counsel. (ECF Nos. 167, 169.)

Litigants in civil actions do not have a right to the appointment of counsel. *Valcarcel v. ABM Indus./Diversico Indus.*, 383 F. Supp. 3d 562, 564-65 (M.D.N.C. 2019). Despite this,

> the court may request an attorney . . . represent any person unable to afford counsel. The decision to appoint counsel is committed to the district court's discretion, but it is an abuse of discretion to decline to appoint counsel where the case of an indigent plaintiff presents exceptional circumstances. In particular, the existence of exceptional circumstances turns on (1) the type and complexity of the case and (2) the capabilities of the individual bringing it. Counsel should be requested if it is apparent that a *pro se* litigant has a colorable claim but lacks the capacity to present it.

*Evans v. Kuplinski*, 713 F. App'x 167, 170 (4th Cir. 2017) (internal marks and citations omitted) (finding exceptional circumstances existed where the plaintiff had "a complex but colorable tolling issue and . . . suffer[ed] from severe mental illness"); *compare with Clary v. Harper*, 694 F. App'x 913, 917 (4th Cir. 2017) (finding no abuse of discretion because the district court was not required to appoint counsel at trial based on the plaintiff's unsupported allegations, and observing the plaintiff's evidence that he suffered from a disability did "not show that this disability constituted an extraordinary circumstance requiring appointment of counsel"); *Jones v. Wicomico Cty. Det. Ctr.*, No. 18-CV-02568-PWG, 2020 WL 1151022, at *3 (D. Md. Mar. 9, 2020) (denying appointment of counsel to the plaintiff, an inmate, and observing he "is a capable litigant who has clearly explained his claims"); *Yisrael v. Beasley*, No. 5:08-CT-3079-H, 2012 WL 3903842, at *1

(E.D.N.C. Sept. 7, 2012) (denying motion to reappoint counsel and noting the plaintiff was capable because, "proceeding entirely *pro se*, [he] was able to get two claims past summary judgment"); *Lowery v. Bennett*, 492 F. App'x 405, 411 (4th Cir. 2012) (finding no exceptional circumstances when the issues were "straightforward" and appellant "was an able litigant: he followed the district court's direction and timely filed successive complaints, sought mediation, and timely filed a notice of appeal").

Here, the court denies the Motions to Appoint Counsel because it appears both parties have the capacity and capability to present their respective cases. The issues appear relatively straightforward, as all remaining claims relate to whether Defendant stole certain property from Plaintiff. Moreover, both parties have been adept at raising and responding to matter throughout the case while simultaneously complying with court instructions, including filing an Amended Complaint after being instructed to bring the case into proper form; answering the Amended Complaint; conducting discovery; meeting court-imposed deadlines; and filing a litany of Motions, Responses, Replies, miscellaneous Letters, and Objections to Report and Recommendations. Indeed, each party filed a Motion for Summary Judgment, resulting in numerous claims being dismissed and several others surviving summary judgment.

Against this background, the court determines that exceptional circumstances do not exist for either party simply because witness credibility will likely be important in this case, as Plaintiff insists. (ECF No. 169 at 4.) Nor does the court believe that Plaintiff's enumerated difficulties in prosecuting this case due to his ongoing incarceration warrant the appointment of counsel. (*See* ECF Nos. 169 at 4; 169-1 at 2-5.) Accordingly, the court finds exceptional circumstances are not present to appoint counsel to either litigant. *See Clayborne v. West*, No. 18-CV-01931-PWG, 2019 WL 4246592, at *3 (D. Md. Sept. 5, 2019) (noting that "[e]xceptional circumstances may be

present where a litigant is barely able to read or write . . . or clearly has a colorable claim but lacks the capacity to present it," before finding the plaintiff was "a capable litigant who has clearly explained his claims" and declining to appoint counsel) (internal marks and citations omitted).

For the reasons discussed above, the court **DENIES** the parties' respective Motions to Appoint Counsel. (ECF Nos. 167, 169.) Given the court's ruling, Plaintiff's Motion to Strike Defendant's Motion to Appoint Counsel (ECF No. 170) is **DENIED AS MOOT**.

**IT IS SO ORDERED.**

*J. Michelle Childs*
United States District Judge

July 2, 2021
Columbia, South Carolina