# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# AIKEN DIVISION

| | | |
|---|---|---|
| Robert Gene Rega, | ) | Civil Action No.: 1:19-cv-00259-JMC |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| Lorraine Rega, | ) | |
| | ) | |
| Defendant. | ) | |

Plaintiff Robert Gene Rega filed this action against Defendant Lorraine Rega, his former sister-in-law, seeking damages for money, a laptop, and a home surveillance system he alleges she stole. (*See* ECF No. 15.) The parties are proceeding pro se.

This matter is before the court on Plaintiff's Motion to Reverse Order Granting Defendant's Motion to File and Serve a Counterclaim (ECF No. 195 (referencing ECF No. 187), which the court construes as a Motion for Reconsideration of the court's Order entered on October 6, 2021 (the "October Order"). Specifically, in the October Order, the court granted Defendant "leave to file her counterclaims against Plaintiff within thirty days of this order." (ECF No. 187 (referencing ECF No. 176 at 1).) Plaintiff argues that the court should vacate the October Order because Defendant failed to serve her Motion to File Counterclaims on Plaintiff as demonstrated by the document's lack of a certificate of service. (ECF No. 195 at 1.) Defendant opposes the Motion asserting that she did serve Plaintiff and if he did not receive the mailed copy, it is because he refused to accept mail on numerous occasions during this litigation. (ECF No. 199 at 1.)

Rule 5 of the Federal Rules of Civil Procedure requires that "a written motion" filed in a matter "must be served on every party." Fed. R. Civ. P. 5(a)(1)(D). *Cf. Ghazali v. Moran*, 46 F.3d 52 (9th Cir. 1995) ("[P]ro se litigants are bound by the rules of procedure."). Moreover, Rule

1

5(b)(2)(C) allows for service of motion by "mailing it to the person's last known address—in which event service is complete upon mailing." Fed. R. Civ. P. 5(b)(2)(C).  In the instant matter before the court, the parties' dispute turns on whether Defendant served her Motion to File Counterclaims on Plaintiff by mail.

"Where the receipt of an item sent via mail is at issue, a rebuttable presumption of receipt arises upon a showing that the item was mailed." *Cassell v. Cty. Of Montgomery, Pa.*, 2017 WL 2672653, at *4 (E.D. Pa. June 20, 2017) (citing *In re Cendant Corp. Prides Litig.*, 311 F.3d 298, 304 (3d Cir. 2002) ("The common law has long recognized a presumption that an item properly mailed was received by the addressee . . . .  The presumption arises upon proof that the item was properly addressed, had sufficient postage, and was deposited in the mail.")).  "A certificate of service is prima facie evidence that service was made." *Cassell*, 2017 WL 2672653, at *4 (citing *Leboon v. Zurich Am. INS. Co.*, No. 15-05904, 2016 WL 1556011, at *2 (E.D. Pa. Apr. 18, 2016); *Blomeyer v. Levinson*, No. 02-8378, 2006 WL 463503, at *5 (E.D. Pa. Feb. 21, 2006) ("[O]nce a certificate of service is filed averring that a pleading has been served by being placed in the U.S. mail, 'a presumption of regularity arises that the addressee received the pleading.'")).  "Although a denial of receipt may rebut this presumption, a denial 'generally will not overcome the presumption in the absence of some supporting evidence.'" *Cassell*, 2017 WL 2672653, at *4 (quoting *Blomeyer*, 2006 WL 463503, at *5).

Upon its review, the court observes that on one hand, even though Defendant claims she served a copy of her Motion to File Counterclaims on Plaintiff by mail, Defendant did not attach a certificate of service to her Motion filed with the court.  Contrastingly, the court observes that while Plaintiff claims he was not served with Defendant's Motion, there is credibility in Defendant's suggestion that Plaintiff was rejecting mail because in July 2021 around the time when

Defendant would have mailed her Motion to Plaintiff, the court also mailed an order to Plaintiff and that document was returned as undeliverable bearing a "REFUSED" stamp. (*See* ECF No. 177-1 at 1.)

Because the information submitted by the parties does not provide clarity on the issue of service by mail, the court acknowledges that its Local Rules do allow for consideration of motions in the event "no memorandum in opposition is filed" by a party. *See* Local Civ. Rule 7.06 (D.S.C.) ("If no memorandum in opposition is filed within fourteen (14) days of the date of service, the court will decide the matter on the record and such oral argument as the movant may be permitted to offer, if any."). As a result, the court finds that it had the authority to grant Defendant's Motion to File Counterclaims. However, because the question of its service is still in dispute, the court **DENIES WITHOUT PREJUDICE** Plaintiff's Motion to Reverse Order Granting Defendant's Motion to File and Serve a Counterclaim (ECF No. 195).

**IT IS SO ORDERED.**

*J. Michelle Childs*
United States District Judge

December 10, 2021
Columbia, South Carolina

3