**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF SOUTH CAROLINA**
**AIKEN DIVISION**

| | | |
|---|---|---|
| Robert Gene Rega, | ) | Civil Action No.: 1:19-cv-00259-JMC |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | **ORDER** |
| | ) | |
| Lorraine Rega, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

    Plaintiff Robert Gene Rega filed this action against Defendant Lorraine Rega, his former sister-in-law, seeking damages for money, a laptop, and a home surveillance system he alleges she stole. (*See* ECF No. 15.) Plaintiff currently has pending claims for conversion, negligence, breach of contract, promissory estoppel regarding the currency at issue, and unjust enrichment. (*See, e.g.*, ECF No. 165 at 7.) Defendant has pending counterclaims for breach of contract, fraud, assumpsit, unjust enrichment, misinterpretation of deceased, promissory estoppel, identity theft, harassment, behavior beyond frightening, illegal lien, extortion, bad faith, and deception of deceased. (ECF No. 225.) The parties are proceeding pro se.

    This matter is before the court on Defendant's unopposed pro se Motion to Dismiss seeking dismissal of Plaintiff's claims and withdrawal of Defendants' counterclaims.[1] (ECF No. 230.) More specifically, Defendant asserts that the court should dismiss Plaintiff's claims based on his substantial misconduct during the litigation of this matter to include claiming pro se status when

---

[1] "Because [they are] pro se litigant[s], [the parties'] pleadings are construed liberally by the court and held to a less stringent standard than attorneys' formal pleadings." *Simpson v. Florence Cty. Complex Solicitor's Office*, Civil Action No.: 4:19-cv-03095-JMC, 2019 WL 7288801, at *2 (D.S.C. Dec. 30, 2019) (citing *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam)). "This, however, 'does not transform the court into an advocate' for [a pro se party]; the court is not required to recognize [] claims if there is clearly no factual basis supporting them." *Id.* (quoting *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990)).

he has attorneys helping him and for Plaintiff's failure to respond to Defendant's filings and the court's orders. (*Id.* at 1.) Essentially arguing that Plaintiff has engaged in selective prosecution of his case, Defendant beseeches the court to "end the case," and end the drama because "Plaintiff has nothing else to do [other] than sue." (*Id.* at 2.) In this regard, Defendant asserts that the entire case has been "a waste of Defendant['s] time, energy, and [is] unhealthy." (*Id.*)

Plaintiff did not respond to Defendant's Motion.

Federal courts have the authority to dismiss a plaintiff's action with prejudice because of his or her failure to prosecute. *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629 (1962). "Rule 41(b) of the Federal Rules of Civil Procedure provides an explicit basis for this sanction." *Doyle v. Murray*, 938 F.2d 33, 34 (4th Cir. 1991); *see* Fed. R. Civ. P. 41(b). To determine whether dismissal for failure to prosecute constitutes an appropriate sanction, courts must consider four factors: "(1) the plaintiff's degree of personal responsibility; (2) the amount of prejudice caused the defendant; (3) the presence of a drawn-out history of deliberately proceeding in a dilatory fashion; and (4) the effectiveness of sanctions less drastic than dismissal." *Hillig v. Commissioner*, 916 F.2d 171, 174 (4th Cir. 1990) (citing *Herbert v. Saffell*, 877 F.2d 267, 270 (4th Cir. 1989)). The four factors are not binding and must be considered under the particular circumstances of the case. *Ballard v. Carlson*, 882 F.2d 93, 95 (4th Cir. 1989). While pro se plaintiffs "are entitled to some deference from courts," they, like all litigants, are still "subject to the time requirements and respect for court orders without which effective judicial administration would be impossible." *Id.* at 96.

Upon review, the court has carefully examined the record and is persuaded that Plaintiff's actions in this matter warrant dismissal of the case under Rule 41(b). At the outset, the court observes that Plaintiff is personally responsible for not accepting the following mailed documents that were returned as undeliverable:

2

| Docket No. of Non-Delivery | Date Filed | Document No. and Title |
|---|---|---|
| ECF No. 96 | June 20, 2019 | ECF No. 93 – Roseboro Order |
| ECF No. 134 | March 2, 2020 | ECF No. 7 – Proper Form Order |
| ECF No. 135 | March 2, 2020 | ECF No. 14 – Order Authorizing Service |
| ECF No. 146 | August 31, 2020 | ECF No. 141 – Order Ruling on Report and Recommendation |
| ECF No. 173 | March 8, 2021 | ECF Nos. 171 – Motion Response  172 - Correspondence |
| ECF No. 177 | July 19, 2021 | ECF No. 174 – Order on Motion to Appoint Counsel |
| ECF No. 192 | October 22, 2021 | ECF No. 187 – Order on Motion for Reconsideration |
| ECF No. 193 | October 28, 2021 | ECF No. 189 – Order on Motion to Dismiss or Bench Trial |
| ECF No. 223 | January 3, 2022 | ECF No. 214 – Order on Motion to Compel |
| ECF No. 224 | January 3, 2022 | ECF No. 211 – Order on Scheduling Order |
| ECF No. 224 | January 3, 2022 | ECF No. 212 – Order on Motion for Reconsideration |
| ECF No. 226 | January 6, 2022 | ECF No. 217 – Order on Motion to Strike |
| ECF No. 227 | January 18, 2022 | ECF No. 221 – Order on Motion to Dismiss |
| ECF No. 240 | March 22, 2022 | ECF No. 235 – Order on Motion to Continue. |

The court observes that Plaintiff's address has not changed since June 4, 2019 (ECF No. 89). Because Plaintiff has not left the State Correctional Institution–Phoenix in Montgomery County, Pennsylvania since June 2019, it is apparent that Plaintiff is picking and choosing how he will appear and prosecute and/or defend this case.

Additionally, as indicated in Defendant's instant Motion and Plaintiff's failure to respond, Plaintiff's actions have not only caused prejudice to Defendant, but are largely the reason the case is more than three (3) years old. Based on the foregoing, the court is prepared to find that Plaintiff's actions warrant the ultimate sanction of dismissal. *Mut. Fed. Sav. & Loan Ass'n v. Richards & Assocs.*, 872 F.2d 88, 92 (4th Cir. 1989) (Dismissal for party noncompliance is reserved for "the most flagrant case, where the party's noncompliance represents bad faith and callous disregard for authority of the district court and the Rules."). Therefore, the court **GRANTS** Defendant's Motion (ECF No. 230), **DISMISSES WITH PREJUDICE** Plaintiff's claims of conversion, negligence, breach of contract, promissory estoppel regarding the currency at issue, and unjust enrichment pursuant to Rule 41(b), and **GRANTS** Defendant's request to withdraw her counterclaims. All remaining pending Motions (ECF Nos. 184, 219, 229) are **DENIED AS MOOT**.

**IT IS SO ORDERED.**

*J. Michelle Childs*

United States District Judge

March 31, 2022
Columbia, South Carolina